METCALFE *v.* MICHIGAN STATE BOARD OF REGISTRATION IN MEDICINE.

123   661
s82NW 512
e188US 509

123   661
s82NW 512
131   257

Physicians—Registration—College Graduate.

One who attended a so-called medical college for a day only, during examination, and received a diploma therefrom, was not a graduate in medicine, within the meaning of the medical registration law of 1887 (2 Comp. Laws 1897, § 5280), and, therefore, the registration of such person, upon affidavit showing the above facts, was not a legal registration, such as would entitle him to be re-registered under Act No. 237, Pub. Acts 1899, which provides (section 3, subd. 1) for such re-registration upon sufficient proof that the applicant was "legally registered" under the earlier statute.

*Mandamus* by Richard Metcalfe to compel the Michigan state board of registration in medicine to register relator, and issue to him a certificate of registration. Submitted March 27, 1900. Writ denied April 24, 1900.

*George R. Heck* (*Fred H. Allen*, of counsel), for relator.

*Horace M. Oren*, Attorney General, for respondent.

Montgomery, C. J. Relator made application to the respondent board for registration as a medical practitioner, under Act No. 237 of the Public Acts of 1899. His application was refused. This application is for a *mandamus* to compel respondent to register his name, and grant him a certificate of registration.

Relator claimed the right of registration under the provisions of section 3 of the act, subdivision 1 of which reads as follows:

"The applicant shall be registered and given a certificate of registration if he shall present sufficient proof, within six months after the passage of this act, of his having already been legally registered under act number one

hundred sixty-seven of eighteen hundred eighty-three, as amended in eighteen hundred eighty-seven, entitled 'An act to promote public health.' The fee for applicants of this class shall be one dollar."

The relator produced proof of having been registered in February, 1897, under the earlier act, and insists that the respondent board is not authorized by the act of 1899 to look behind the fact of previous registration to ascertain whether the applicant was entitled to be registered. It is conceded that the law of 1899 is within the police power, and that the legislature *might* have vested the board with full power to investigate the right of the applicant to registration, but the contention is that the act of 1899 does not purport to give the board such authority; that, when the applicant presents evidence of former registration, the duty of the board is merely ministerial.

The language of the section above quoted requires, as a prerequisite to registration without examination, and by virtue of previous registration, that the applicant shall have been "already legally registered." It becomes necessary, therefore, to turn to the earlier acts to ascertain whether the relator was "legally registered." Section 2 of Act No. 167, Pub. Acts 1883, as amended by Act No. 268, Pub. Acts 1887, provided:

"Every graduate of any legally-authorized medical college in this State or any [one] of the United States, or in any other country, shall be deemed qualified to practice medicine and surgery in all its departments, after having registered as provided in this act: *Provided*, that * * * every person qualified to practice medicine and surgery under the provisions of this act shall, within three months after this act shall take effect, file with the county clerk of the county wherein he has been engaged in practice, or in which he intends to practice, a statement, sworn to before any officer authorized to administer oaths in said county, setting forth, first, if he is actually engaged in practice in said county, the length of time he has been engaged in such continuous practice, and, if a graduate of any medical college, the name of the same and where located, when he graduated, and the length of time he attended

the same, also the school of medicine to which he belongs. * * * It shall be the duty of the county clerk of each county in this State to record, in a book to be provided by the county, the affidavit (or sworn statement) of every physician practicing in said county. For recording each statement the county clerk shall receive fifty cents, to be paid by the person filing the same." 2 Comp. Laws 1897, § 5280.

It will be noticed that the county clerk is by this act given no discretion to confer any rights upon the person registering. This right was defined by the act itself. If he came within its provisions, he was entitled to register. If he did not, while he might go through the form of filing an affidavit, yet, if it showed on its face that he was not entitled to practice medicine, it would be a contradiction in terms to say that the right was acquired by the bare act of filing evidence that was in itself wholly insufficient to show that he was so entitled. In this case the affidavit filed was as follows:

"State of Michigan, } ss.
    County of Berrien.    }

"Richard Metcalfe, being first duly sworn, deposes and says: That he is a physician, and actually engaged in practice in the county above named, and that he has been so engaged continuously for the period of ten years and —— months. Also, that he is a graduate of Independent Medical College, a medical college located at Chicago, in the State of Illinois; that he attended said college for the period of one day, during examination, and graduated therefrom February 4, A. D. 1897. Deponent's present residence and place of business is St. Joseph, in said county, and he belongs to the Physio-Medical school of medicine. That he practiced under Dr. Hugins for a period of ten years.

[Signed]  "Richard Metcalfe.

"Subscribed and sworn to before me this fifth day of February, A. D. 1897, at St. Joseph, in said county and State.

"John W. Needham,<br>"County Clerk, County of Berrien,<br>"State of Michigan."

If we are able to say that a showing of attendance for one day only, and the grant of a diploma by a so-called medical college, do not constitute the fortunate recipient of such a certificate a graduate, within the meaning of the law of 1887, it follows that, on the face of the record of Berrien county, relator was not legally registered. We do say it. It follows that the relator is not entitled to the relief prayed.

The other Justices concurred.